**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JORDAN A. BRANCH,                    :        Civil No. 1:25-CV-00812

      Plaintiff,                          :

      v.                                  :

DAUPHIN COUNTY RECORDER OF   :
DEEDS OFFICE, *et al.*,              :

      Defendants.                         :        Judge Jennifer P. Wilson

## <u>ORDER</u>

Before the court is the report and recommendation of Magistrate Judge Sean A. Camoni recommending that the court grant Defendants' motions to dismiss, dismiss the amended complaint without prejudice, and deny Plaintiff's motion for default judgment. (Doc. 90.) Plaintiff objected to the report and recommendation, which Defendants opposed. (Docs. 91, 97, 98, 99.) Defendants ONE Abstract, LLC and Realty One (collectively, "ONE Defendants") and Defendants Lower Paxton Township and Officer Morris (collectively, "Township Defendants") also filed objections to the report and recommendation. (Docs. 93, 94, 95, 96.) Plaintiff did not respond to Defendants' objections. For the reasons that follow, the court sustains Defendants' objections, overrules Plaintiff's objections, adopts the report and recommendation in part, and dismisses Plaintiff's amended complaint without prejudice.

1

## STANDARD OF REVIEW

### A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the

2

court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

### DISCUSSION

In the report and recommendation, Judge Camoni details the background of this case regarding the complaints filed, proof of service, waivers, and pending motions. (Doc. 90, pp. 2–4.) He then recommends that the court grant Defendants' motions to dismiss because Plaintiff's amended complaint, which supersedes the original complaint, fails to allege any facts. (*Id.* at 6–8.) Instead, the amended complaint simply lists Defendants and, at most, his prayers for relief. (*Id.* at 7.)

Next Judge Camoni recommends that the court deny Plaintiff's motion for default judgment because there are no entries of default against Defendants, Plaintiff never properly served Defendant Dream Home Realty, and default judgment is not warranted against the ONE and Township Defendants. (*Id.* at 8–15.) In this section, the report and recommendation finds that although the ONE and Township Defendants filed their motions to dismiss two days late on July 28,

3

2025, that is insufficient to warrant default judgment against these Defendants. (*Id.* at 12–15.)  Lastly, Judge Camoni recommends that Plaintiff be granted leave to amend his complaint, but that the court should require proper service of the pleadings if Plaintiff elects to file a second amended complaint.  (*Id.* at 15–16.)

Addressing Defendants' objections first, both the ONE and Township Defendants argue that Judge Camoni erred in finding that they filed their motions to dismiss two days after the required deadline.  (Docs. 94, 96.)  They assert that they timely waived service of the summons on May 27, 2025, which provided them with 60 days to respond to the amended complaint.  (Doc. 94, pp. 4–5; Doc. 96, pp. 6–7.)  The deadline to respond was July 26, 2025, which was a Saturday, thus, under Federal Rule of Civil Procedure 6(a)(1), the ONE and Township Defendants assert they had until July 28, 2025 to respond to the amended complaint.  (Doc. 94, pp. 5–6; Doc. 96, pp. 7–8.)

The court agrees with the ONE and Township Defendants that their motions to dismiss were timely under Federal Rules of Civil Procedure 4(d)(3) and 6(a)(1). Rule 4(d)(3) provides: "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent."  Here, Plaintiff mailed the amended complaint to the ONE and Township Defendants on May 27, 2025, therefore, a responsive pleading was due on July 26, 2025, which was a Saturday.  Pursuant to Rule 6(a)(1)(C), if the last

day of the specified time period is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Accordingly, the ONE and Township Defendants' deadline to respond to Plaintiff's amended complaint was Monday, July 28, 2025, the day the motions to dismiss were filed.  Therefore, the court sustains the ONE and Township Defendants objections, and declines to adopt that specific finding in the report and recommendation.

Plaintiff also filed objections to the report and recommendation.  (Doc. 91.) Therein, Plaintiff reargues the points raised before Judge Camoni, namely, that he properly served Defendants, Defendants are in default, and he should receive a default judgment in his favor, and that he properly alleged sufficient facts and claims against Defendants.  (*Id.*)  In arguing that his pleading was sufficient, Plaintiff appears to rely on his original complaint as well as his amended complaint.  (*Id.* at 3–10.)

Plaintiff's objections are general in nature, thus, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record.  *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).  The court has reviewed Judge Camoni's report and recommendation and finds that Plaintiff is simply rearguing his points and expressing disagreement with Judge Camoni's analysis.  For these reasons, the

5

court overrules Plaintiff's objections, grants Defendants' motions to dismiss, denies Plaintiff's motion for default judgment, and dismisses Plaintiff's amended complaint without prejudice. The court gives Plaintiff leave to file a second amended complaint within 21 days of this order. That said, the second amended complaint must contain all factual and legal allegations that Plaintiff wishes to bring against Defendants because an amended complaint "supersedes the original and renders it of no legal effect." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)).

Lastly, the court partially declines to adopt the recommendation that Plaintiff be required to properly serve Defendants if he elects to file a second amended complaint. All Defendants other than Dream Home Realty returned waiver of service forms and received the benefit of an extended response period under Rule 4(d)(3). (*See* Docs. 25, 35, 41.) Importantly, Rule 4(d)(3) provides: "A defendant who, *before being served with process*, timely returns a waiver . . . ." Further, Rule 4(d)(4) provides: "When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." Given these rules, the court cannot conclude that Plaintiff is required to serve Defendants Dauphin County, Dauphin County Recorder of Deeds

Office, Lower Paxton Township, Officer Morris, ONE Abstract LLC, ONE Group Unlimited, LLC, and Realty ONE Group Unlimited.  Dream Home Realty, however, did not provide a waiver of service form and has not been properly served under the Federal Rules of Civil Procedure.  Thus, Plaintiff is required to serve a second amended complaint, if filed, in accordance with the Federal Rules of Civil Procedure on Defendant Dream Home Realty.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) The ONE Defendants and the Township Defendants objections to the report and recommendation, Docs. 93 & 95, are **SUSTAINED**.

2) Plaintiff's objections, Doc. 91, are **OVERRULED**.

3) The report and recommendation, Doc. 90, is **ADOPTED IN PART** as described in this order.

4) Defendants' motions to dismiss, Docs. 28, 52, 61, & 63, are **GRANTED**.

5) Plaintiff's motion for default judgment, Doc. 79, is **DENIED**.

6) Plaintiff's amended complaint, Doc. 16, is **DISMISSED WITHOUT PREJUDICE**.

7) Plaintiff may file a second amended complaint within 21 days of this order.  Should Plaintiff elect to file a second amended complaint, Plaintiff must effectuate proper service on Defendant Dream Home Realty in accordance with the Federal Rules of Civil Procedure.  If Plaintiff does not elect to file a second amended complaint, the Clerk of Court shall close this case.

8) This matter is referred back to Magistrate Judge Camoni for further pretrial management.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 23, 2026